# IN THE UNITED STATES DISTRICT COURT

## for the NORTHERN DISTRICT of INDIANA

| | | |
|---|---|---|
| **TINA JONES-WHITE** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **ST. JOSEPH COUNTY** | ) | |
| **PROSECUTOR'S OFFICE** | | |
| **Defendant.** | ) | |

## Complaint and Jury Demand

Plaintiff, TINA JONES-WHITE, by her attorney, complains against Defendant, St. Joseph County Prosecutor's Office (hereinafter, referred to as "Defendant") as follows:

### A. Parties

1. The plaintiff is an individual residing in South Bend, Indiana.

2. The defendant is a political subdivision of St. Joseph's County, a municipal corporation incorporated under the laws of the State of Indiana.

3. Defendant employs at least 15 or more employees.

### B. Jurisdiction

4. This Court has jurisdiction of plaintiff's claims as it is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a). The Court has pendent state jurisdiction over plaintiff's other claims as set forth herein.

5. The Court also has jurisdiction over plaintiff's claims as it is brought pursuant to Title 24, Section 1981 of the Civil Rights Act of 1866 for race discrimination.

6. The Court has jurisdiction of this action under 42 U.S.C. § 1983 to redress deprivations of constitutional rights under color of state law and 28 U.S.C. § 1331, 1343, 1361 and the Fifth and Fourteenth Amendments to the United States Constitution.

Venue

7.   Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district and in the state of Indiana.

D.  Exhaustion of Administrative Remedies

8.   Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) through the South Bend Human Rights Commission.  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

FACTS

9.   Plaintiff is a Black female former employee of the defendant who, at the time of her constructive discharge, worked as a Victim's Advocate in the defendant's Special Victim's Unit.

10. At all times during the periods that are complained of in this complaint, Ms. Jones-White was covered by Title VII of the Civil Rights Act of 1964 as amended, because she is African American as well as Title 42, Section 1981 of the Civil Rights Act of 1866 due to her race.

11. At all times during the periods that are complained of in this complaint, Ms. Jones-White was employed by a municipal corporation.

12. Ms. Jones-White was hired by the defendant in 2001 as a part-time secretary and Victim Advocate and then became a full-time Victim Advocate in or around 2002.

13. At the time of her constructive discharge, she was meeting her employer's legitimate work expectations.

14.  Ms. Jones-White was only one of two, African-American Victim Advocates at the time of her constructive discharge.

15.   Ms. Jones-White experienced various forms of racial discrimination from her co-workers and her superiors such as the Deputy Prosecutors.

16.   All of the Deputy Prosecutors that she worked under were white, including the Chief Prosecutor Ken Coulter and the Chief Deputy Prosecutor Amy Cressy.

17.   During one interaction at the job, Ms. Jones-White noticed that all of the other Victim Advocates were working identical shirts. She had not been asked if she wanted to participate in the shirt wearing group with her peers.

18.   When she asked one of the Deputy Prosecutors, who was also white, and one of the white Victim Advocates, about the matching shirts, the Deputy Prosecutor responded by saying something to the effect of the shirts were for the white group or the white gang.

19.   This comment was reiterated and confirmed by a white Victim Advocate who acknowledged that the shirts were the white employees only.

20.   Plaintiff began to complain to the Chief Deputy Prosecutor about the racial tension in the office.

21.   Due to her complaints, a meeting was called to address the hostile work environment.

22.   One white employee was terminated due to the racially hostile work environment.

23.   No further employment actions were taken in response to Ms. Jones-White's complaints.

24.   However, as a result of Ms. Jones-White's complaints, the racially hostile work environment increased.

25.   White Victim Advocates and white prosecutors began ostracizing Ms. Jones-White by, inter alia, not speaking with her directly, refusing to acknowledge her emails,

closing their doors when she was in the building and placing do not enter signs on the doors.

26. During a deposition with a white female victim, the white prosecutor asked about the race of the perpetrator and asked if he was "Black like Tina."

27. Defendant assigned work to Plaintiff without notifying her and assigned her additional duties without her knowledge.

28. Defendant never addressed any of the other complaints made by Ms. Jones-White.

29. Ms. Jones-White resigned as a result of the constant racially hostile work environment.

**CLAIMS FOR RELIEF**

**COUNT I RACE  DISCRIMINATION – Title VII of the Civil Rights Act of 1964**

Plaintiff, TINE JONES-WHITE, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 29, and repleads and reincorporates same as though fully set forth herein.

30. During the course and scope of Plaintiff's employment with defendant, the defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of racial discrimination against the Plaintiff which the defendant condoned and ratified, took no action to stop, and performed willfully or wantonly against the Plaintiff, while defendant was aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

31. Defendant consistently and without legitimate cause, harassed and created a racially hostile work environment and allowed it to continue, all due to Plaintiff's race.

32. Even after Plaintiff complained about the racially hostile work environment, Defendant allowed it to contiue, forcing Plaintiff to take time of from work and eventually forcing her to resign from a job that she loved.

33. Defendant was aware of the acts complained of in this Complaint and ratified and condoned and allowed Ms. Jones-White to suffer harm on the basis of her race causing her to lose wages, time off from work and eventually constructively discharging her while similarly situated Non-Black employees were not treated in the same manner and continue to work without punishment all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

WHEREFORE, the Plaintiff, TINE JONES-WHITE, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT II VIOLATION OF 42 U.S.C. §1981 BY RACIAL DISCRIMINATION

The Plaintiff, TINE JONES-WHITE, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 33, repleads and reincorporates same as though fully set forth herein.

34.    Defendant has intentionally discriminated against Ms. Jones-White in violation of Section 1981 of the Civil Rights Act of 1866 by intentionally maintaining a pervasive atmosphere perpetuating discrimination, including:

(a)    maintaininig a racially discriminatory work environment where Non-Black employees were allowed to openly and without punishment engage in racial discrimination against Plaintiff  which resulted in Plaintiff being constructively discharged and losing income;

(b)    intentionally denying Plaintiff the terms and conditions of employment based on her race that it offered white employees.

WHEREFORE, the Plaintiff, TINE JONES-WHITE, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## COUNT III-SECTION 1983

The Plaintiff, TINE JONES-WHITE, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count III all allegations contained in rhetorical paragraphs 1 through 34, repleads and reincorporates same as though fully set forth herein.

35.    The decision to discriminate against Ms. Jones-White on the basis of her race was made and continued pursuant to a policy, custom or practice of the defendant.

36.    The Defendant, its agents, representatives, and employees, acted maliciously and intentionally in discriminating against Jones-White on the basis of her race.

37.   The manner and method by which Defendant allowed a racially hostile work environment to exist and continue, forcing Ms. Jones-White to resign violated her right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

38.   The manner and method by which Defendant allowed a racially hostile work environment to exist and continue, forcing Ms. Jones-White to resign, all on the basis of her race, violated her right to equal protection in violation of the Equal Protection Clause of the Fourteenth Amendment.

39.   Ms. Jones-White was treated unequally and denied her civil and constitutional rights by the defendant pursuant to and in the execution of a governmental custom, policy, or usage of the St. Joseph County Prosecutor's Office.

40.   The actions of the agents of the Defendant were carried out under color of state law and were ratified by the agents of the St. Joseph County Prosecutor's Office.

WHEREFORE, the Plaintiff, TINE JONES-WHITE, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

Respectfully submitted,

By /s/Bryan K. Bullock

Bryan K. Bullock (Atty # 22812-45)
Attorney for Plaintiff
**LAW OFFICE OF BRYAN K. BULLOCK,**
9800 Connecticut Drive
Crown Point, In 46307
(219) 472-1546 phone

attybullock@yahoo.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Plaintiff hereby certifies that on March 16th, 2026 a copy of the foregoing document has been served by deposit in the United States mail, first-class, postage prepaid addressed to all parties.

 /s/Bryan K. Bullock_____
Bryan K. Bullock